**Sharon KNEZEVICH, Appellant,**

v.

**Mary DRESS, Respondent.**

**No. C8–86–1569.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Scott Richardson, Austin, for appellant.

Stephen R. Erickson, Albert Lea, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Sharon Knezevich brought this action for breach of contract, interference with contract and fraud arising out of a business venture with Mary Dress. Dress obtained a summary judgment on all three claims. Knezevich appeals the judgment on the breach of contract claim, contending that material issues of fact exist on the formation and breach of their business agreement. We agree and remand.

## FACTS

Sharon Knezevich and Mary Jo Cook jointly operated the M & S Exercise Salon in Albert Lea, Minnesota. Knezevich's share of the income averaged $170 to $200 per week. In March 1981 they decided to purchase a hydrogym which cost approximately $5,700. The salon's income was insufficient to cover the equipment purchase, and neither Knezevich nor Cook could provide the funds. They approached respondent Mary Dress for financing.

Dress had visited the M & S Exercise Salon shortly after it opened. She expressed an interest in the operation because she had considered opening a similar business. According to Knezevich, Dress said, "[i]f you * * * ever need anything, let me know * * *." When Knezevich called Dress to ask for a loan for the hydrogym, Dress said she would provide financing only if she could become a partner. Knezevich and Cook considered Dress' proposal and agreed to form a partnership in which they would contribute their teaching skills and Dress would contribute the capital. The three met a number of times to discuss the partnership. The filed depositions of Knezevich and Dress differ markedly in their account of these discussions.

According to Knezevich, the three discussed the division of partnership shares and eventually decided on an equal split. Dress agreed to ask her attorney to draft the partnership papers.[1] The parties also agreed to sign a $10,000 bank note to fund the partnership. Dress instructed Knezevich to close the salon, and in April 1981 Knezevich and Cook terminated their lease and closed the salon. When Cook went to Dress' attorney's office to sign the papers, she learned the partnership division would be a 52–percent interest for Dress and a 48–percent interest for Knezevich and Cook to share. Cook was dissatisfied with this division and called Knezevich to withdraw from the business. Cook and her husband ultimately opened their own exercise club and invited Knezevich to join in its operation. Knezevich declined because she could not contribute the necessary capital.

After Cook withdrew, Knezevich and Dress agreed to continue with their agreement to open a club. Knezevich states that the agreement was for an equal partnership and that the $10,000 bank note would cover initial operating costs to allow the club to open in May or June of 1981. However, Dress exceeded the $10,000 budget and notified Knezevich that the partnership could no longer operate on an equal basis and Knezevich would have to accept a salary and percentage of the net profits. Knezevich refused to accept Dress' proposal.

Dress' recollection of the discussions differs. She stated that an equal division of ownership rights was not discussed. Although she originally thought the club could open on $10,000, she was forced to spend money substantially in excess of $10,000 to comply with various city codes. Dress contends Knezevich and Cook closed their salon because it was not operating profitably. When Knezevich withdrew from the business, Dress continued the construction and opened in October 1981. She employed a manager and instructors and

ultimately sold the club at a loss. Both parties agree that no formal partnership papers were drafted and that Dress did not draw on the approved $10,000 bank note.

Knezevich seeks reliance damages for lost income during the summer of 1981 and for the loss of her business with Cook. The trial court generally concluded that no genuine issues of material fact existed and ordered summary judgment for Dress. Knezevich appeals, arguing that she is entitled to a trial on the breach of contract claim.

### ISSUE

Did the trial court err in granting respondent summary judgment on the breach of contract claim?

### ANALYSIS

The existence and terms of a contract are for determination by a trier of fact. *Minnesota Timber Producers v. American Mutual Insurance*, 766 F.2d 1261, 1265 (8th Cir.1985), *reh'g and reh'g en banc denied*, (Aug. 20, 1985) (citing *McEwen v. State Farm Mutual Insurance*, 281 N.W.2d 843, 845–46 (Minn.1979)). When the terms of an agreement are at issue, the parties to the contract should have an opportunity to present evidence to clarify or explain the terms. *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966).

The filed depositions and answers to interrogatories support Knezevich's contention that genuine issues of material fact exist over whether the parties entered into a contract, the nature of the contract, and whether the contract was breached. The controversy over the details of the parties' business arrangement creates a genuine issue of material fact. Knezevich claims she reasonably relied on Dress' promises and lost wages and an ongoing business when Dress refused to proceed with her promise of equal partnership in the exer-

---

**1.** Both Knezevich and Dress refer to the proposed business arrangement as both a partnership and a corporation.

cise club. Dress claims that they had not agreed on an equal partnership and that her refusal to proceed on an equal basis was not a breach. The testimony conflicts. The resolution of the conflict is for the trier of fact. The trial court erred in determining that no genuine issues of material fact existed.

## DECISION

The trial court incorrectly granted respondent's summary judgment motion.

Reversed and remanded.